# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| MARCIA HACKLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 09-395-CV-W-FJG |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner, Social Security | ) |
| Administration | ) |
| | ) |
| Defendant. | ) |

# ORDER

Currently pending before this Court is defendant's Motion to Dismiss Plaintiff's Complaint (Doc. # 5) and defendant's Motion for Leave to File a Sur-reply (Doc. # 12).

Defendant states that the Court does not have jurisdiction over plaintiff's Complaint because the ALJ declined to reopen a 2002 decision on the basis of *res judicata*. Defendant states that a decision of the Commissioner declining to reopen a previous determination on the ground of administrative *res judicata* is not subject to judicial review, absent a constitutional claim.

Plaintiff states in response that *res judicata* does not apply to her 2002 application and because her 2002 claim for benefits was reconsidered on the merits, it was constructively re-opened and is subject to judicial review.

## I. BACKGROUND

Plaintiff filed an application for a period of disability and disability insurance benefits in May 2002, alleging disability beginning on April 4, 1997, with a date of last insurance of December 31, 2001. The claim was denied on September 20, 2002 and

plaintiff did not appeal her initial unfavorable determination. Plaintiff was not represented by counsel during the initial proceedings. On February 28, 2005, plaintiff again applied for a period of disability and disability insurance benefits, alleging disability beginning on April 4, 1997. Her application was denied on March 12, 2005 based on the doctrine of *res judicata*. A request for an administrative hearing was erroneously processed as a request for reconsideration and was subsequently denied on September 11, 2005. Neither plaintiff nor her attorney were notified of this action. On February 6, 2007, plaintiff filed a request for a hearing. On January 10, 2008, plaintiff received notice that her case was being transferred to the Long Beach, California Office of Disability Adjudication and Review. In February 2008, plaintiff's counsel submitted additional medical information and records. On August 21, 2008, a telephonic hearing was held. During the hearing the ALJ expressed concerns regarding his ability to hear the case and whether *res judicata* would apply. On November 21, 2008, the ALJ issued an Order finding that the doctrine of *res judicata* applied, there was no reason to reopen the case and denied plaintiff's request for a hearing. On December 10, 2008, plaintiff filed a request for a review of the ALJ's dismissal, but the Appeals Council denied this request on March 27, 2009. Plaintiff filed the instant complaint on June 17, 2009.

## II. STANDARD

Section 205(g) of the Social Security Act states:

Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days . . . .

42 U.S.C. § 405(g).

In Pageler v. Astrue, No. 08-4132-CV-C-ODS, 2009 WL 90358 (W.D.Mo. Jan. 14, 2009), the Court stated, "[t]herefore, only a 'final decision of the Secretary made after a hearing' is subject to judicial review. Further, 'a petition to reopen a final decision may be denied without a hearing as provided in § 205(b), 42 U.S.C. § 405(b).'" Id. at *1 (citing Califano v. Sanders, 430 U.S. 99, 108 (1977)). In Yeazel v. Apfel, 148 F.3d 910 (8th Cir. 1998), the Court noted, "courts generally lack jurisdiction to review denials of benefits based on res judicata, because such denials are entered without a hearing. . . . Courts may review denials based on res judicata, however, if those denials are challenged on constitutional grounds." Id. at 911 (internal citations omitted).

### III. DISCUSSION

The Government argues that the Court does not have jurisdiction to review the Commissioner's decision not to reopen the 2002 denial of plaintiff's application for benefits because it is not a "final decision" within the meaning of the Social Security Act. Additionally, the Government argues that courts lack jurisdiction to review denials of benefits based on administrative *res judicata*.

Plaintiff states that where no administrative hearing has been held, no adjudication has occurred and therefore the doctrine of *res judicata* does not apply. Plaintiff also argues that the substantial evidence of record in May 2002 supported a finding that she was disabled and a favorable decision was warranted. Because her application was denied, plaintiff argues that a manifest error took place which necessitates the reopening of her application. Plaintiff also argues that she has submitted new medical information which supports her claim. Plaintiff acknowledges that reopening of a prior application is typically within the Commissioner's discretion and may be decided without a hearing. However, she states that there are two exceptions:

3

1) claims that were reconsidered on the merits during administrative review are deemed reopened and 2) colorable constitutional challenges are subject to federal court review. Plaintiff states that in the present case, her 2002 application was reconsidered on the merits and was thereby constructively reopened.

### A. Does *Res Judicata* Apply to Bar Plaintiff's Claim?

> If a decision is not appealed to the appeals council it becomes the final decision of the Commissioner. . . . Such decisions can be given the effect of res judicata in subsequent proceedings. Res judicata is appropriately applied where a claimant advances the same claim, based on the same facts and issues, in a subsequent proceeding as was advanced and decided in a prior proceeding where that prior decision has become final.

Lowrey v. Astrue, No. 4:06-CV-01546-CDP, 2008 WL 320736, *2 (E.D.Mo. Feb. 4, 2008)(internal citations omitted).

Plaintiff argues that where there has been no hearing, there has been no adjudication and *res judicata* does not apply. Plaintiff states that where the record is inadequate to support the unfavorable determination, application of res judicata amounts to a denial of due process. Plaintiff cites to two cases which support this view. In Butler v. Bowen, 671 F.Supp. 1348, 1351 (S.D.Fla. 1987), the Court stated that 42 U.S.C. § 405(h) prohibits the Social Security Administration from applying the doctrine of administrative *res judicata* to a prior application in which no hearing took place. However, in Butler, the plaintiff actually had a hearing before an ALJ. Additionally, the Court found that the ALJ had implicitly reopened the plaintiff's prior claim, allowing the Court to review the ALJ's decision. Similarly, in Thompson v. Schweiker, 665 F.2d 936 (9th Cir. 1982), the plaintiff also had a hearing before the ALJ. The Ninth Circuit found that the ALJ's findings were not supported by substantial evidence, he had failed to develop the record or to assist the pro se plaintiff during the hearing. With regard to the

4

issue of res judicata, which the ALJ had found barred plaintiff's claim, the Court stated:

> Administrative res judicata may apply even though the claimant has never had a hearing, where the claimant has failed to pursue his administrative appeals and no new facts are presented in the subsequent application. . . .We recognize the importance of administrative res judicata; however, enforcement of that policy must be tempered by fairness and equity. Neither collateral estoppel nor res judicata is rigidly applied. Both rules are qualified or rejected when their application would contravene an overriding public policy or result in manifest injustice. . . . Res judicata of administrative decisions does not acquire the rigid finality of judicial proceedings. . . . Where the record is patently inadequate to support the findings the ALJ made, application of res judicata is tantamount to a denial of due process. Fairness in the administrative process is more important than finality of administrative judgments. Because these two policies conflict here, res judicata is inappropriate.

Id. at 940-41 (internal citations omitted). However, later cases have called Thompson into question. In Blackburn v. Heckler, 615 F.Supp. 908 (N.D.Ill. 1985), the Court stated, "it is doubtful Thompson represents the law in this Circuit. Effectively, the Thompson doctrine holds that where an administrative decision has violated due process, a later refusal to reopen that decision does so as well. But that proposition was specifically negated by our Court of Appeals." Id. at 913 (citing Steebe v. United States Railroad Retirement Board, 708 F.2d 250, 256 (7th Cir.) cert. denied, 464 U.S. 997, 104 S.Ct. 496, 78 L.Ed.2d 689 (1983)).

However, there are other cases that have found res judicata to be applicable. In Yeazel v. Apfel, 148 F.3d 910 (8th Cir. 1998), plaintiff argued that the Commissioner should not have applied res judicata, because his benefits were initially denied without a hearing. The Eighth Circuit found that the plaintiff did not receive a hearing solely because he had not elected to pursue a hearing after his application was initially denied. Similarly, in Pageler v. Astrue, No. 08-4132-CV-C-ODS, 2009 WL 90358 (W.D.Mo. Jan. 14, 2009), the Court stated, "an ALJ may dismiss a request for a hearing when he

determines that the doctrine of *res judicata* applies.  20 C.F.R. § 404.957(c)(1). Consequently, courts also lack jurisdiction to review denials of benefits based on *res judicata* because such denials are entered without a hearing."  Id. at *1.  The Court did note that a court may review the Secretary's decision notwithstanding the absence of a hearing if the claimant challenges the decision on constitutional grounds.  However, that was not the situation in the Pageler case, nor has plaintiff raised a constitutional claim in this case.

In the instant case, plaintiff filed an application for a period of disability and disability insurance benefits in May 2002, alleging disability beginning on April 4, 1997, with a date of last insurance of December 31, 2001.  The claim was medically denied on September 20, 2002.  Plaintiff did not appeal her initial unfavorable determination.  Thus, this determination became a final decision.  On February 28, 2005, plaintiff again applied for a period of disability and disability insurance benefits alleging disability beginning on April 4, 1997.  This second application was denied on the basis of *res judicata*.  As in the Pageler case, the Court finds that plaintiff did not receive a hearing because she did not request one.  Plaintiff does not allege that the notice sent to her was inadequate or that she was unaware that she could request a hearing.  The Court rejects plaintiff's argument that *res judicata* does not apply simply because a hearing was not held.  Later cases have confirmed that the doctrine can be applied even in the absence of a hearing.  Accordingly, the Court finds that the ALJ properly determined that *res judicata* applied to bar plaintiff's second application for benefits.  Therefore, the Court finds that it is without jurisdiction to review this determination.

## B. Does Good Cause Exist to Reopen Plaintiff's Claim?

In Lowrey, the Court stated:

> the Social Security Administration (SSA) may, on its own initiative or on the suggestion of the plaintiff, choose to reopen a prior determination. . . . A determination or decision made during the administrative review process may be reopened by the SSA for any reason within twelve months of the decision, and for good cause within four years. . . .A prior claim may be reopened by the SSA even if a plaintiff fails to appeal the decision. . . . The SSA will find "good cause" to reopen if new and material evidence is furnished. . . . Here, the ALJ found that no good cause existed to reopen the prior claim. As both parties have noted, it is well-settled that courts generally do not have jurisdiction over the Commissioner's decision not to reopen a claim. . . . This is because a decision not to reopen is not a final decision within the meaning of the Social Security Act. 42 U.S.C. § 405(g)(2006) . . . Reopening is a matter committed to the Secretary's discretion and may be decided without a hearing. . . . Courts have noted two exceptions to this general rule. . . . First, claims that have been reconsidered on the merits during administrative review are deemed reopened and subject to federal court review. . . . Second, where a colorable constitutional challenge has been made, federal courts have jurisdiction to entertain such challenges, seen as unsuitable for resolution in the administrative process.

Id. at *2 (internal citations and quotations omitted).

Plaintiff argues that "[t]he submission of new and material evidence that directly relates to Ms. Hackler's impairments and her limitations prior to her date last insured supports a finding of good cause to reopen her 2002 application." Plaintiff also argues that her 2002 application was reconsidered on the merits and was therefore constructively reopened. Plaintiff states that the Long Beach, California ODAR office notified plaintiff's counsel that plaintiff's file had been reviewed and that an on-the-record decision and reopening of the 2002 application was being considered pending additional medical evidence. A hearing was held on August 21, 2008 in which the ALJ discussed the procedural posture of the case and noted his concerns. Specifically the ALJ stated:

7

> The problem I've got is jurisdictional. I don't know why my office slipped this case in. I've never seen it before and I was just looking at it during these last 10 or 15 minutes and I discovered that I've got some procedural problems with it that may not allow me to even get to the merits of the case. First of all, here's what I've gleaned in the last 10 to 15 minutes. Your insurance with Social Security expired the end of 2001 which means since then you've not been insured for Title 2 benefits. For you to be found disabled I would have to find you disabled before the end of 2001. However, there was a prior denial at Social Security in May 2002 that was never appealed to my knowledge. That being the case res judicata would apply and that was after you ran out of insurance and I don't know how legally I can go back and do anything about this now. That's issue one. Issue two is your application currently in 2005 led to a late filing of this request for hearing by about two years and so I've got a problem there because you didn't file your hearing request within the requisite 60 days. So, I've got two major issues to deal with here.

(Transcript of August 21, 2008 Hearing). The ALJ asked plaintiff's attorney to discuss these two issues in a written brief submitted following the hearing. On November 21, 2008, the ALJ issued an Order finding that res judicata applied. The ALJ also found that the deadline for requesting review should not be extended because at the time of the previous determination, the plaintiff was not under a mental impairment and none of the conditions for reopening set forth in 20 C.F.R. 404.988 were present. The ALJ also found that the same facts and issues were involved. The ALJ stated:

> The undersigned has compared the evidence considered in reaching the previous determination with that relating to the claimant's current claim. Based on this comparison, the undersigned finds that no new and material evidence has been submitted and that there has been no change in statute, regulation, ruling or legal precedent concerning the facts and issues ruled upon in connection with the previously adjudicated period. Generally, there is always some evidence as claimants continue to age, weaken and see doctors. However, it does not constitute new and material evidence to reopen.

(November 21, 2008 Order, p. 2). The Court agrees and finds that no good cause existed to re-open plaintiff's claim. Although plaintiff submitted new medical records, these related only to plaintiff's medical condition and were not a basis to re-open her claim.

8

**C. Was Plaintiff's 2002 Application for Benefits Constructively Reopened?**

Plaintiff argues that her 2002 Application was constructively re-opened because there was communication between the Long Beach, California ODAR office and plaintiff's counsel regarding the review of plaintiff's case. Plaintiff's counsel states that she responded to the ODAR's request for specific medical evidence, which was submitted. Plaintiff argues that this constitutes a constructive re-opening of her 2002 application. The Court disagrees. In Lowrey, the Court stated:

> In order to obtain judicial review of a decision not to reopen, a plaintiff may show that a prior claim has been reconsidered on the merits during administrative review. . . . If it can be shown that the ALJ considered Lowrey's first claim on the merits, this would nullify the res judicata effect of the prior determination. . . . Lowrey argues that the ALJ constructively reopened her prior application by explicitly reconsidering the state of the evidence in the prior claim and the prior period. A claim is not considered reopened by the ALJ where the ALJ looks at a prior application to determine if it raises the same issues as current application. . . . This is because the Secretary must in fairness look far enough into the proffered factual and legal support to determine whether it is the same claim and if so, whether it should nevertheless be reopened as a discretionary matter.

Id. at * 3 (internal citations and quotations omitted). In the instant case, plaintiff's counsel states in the Reply Suggestions that "there was communication between the Long Beach, California ODAR and Plaintiff's attorney regarding the review of Ms. Hackler's case, as well as discussion regarding a possible early decision. Plaintiff's attorney responded to ODAR's request for specific medical evidence, which was submitted with the attached cover letters. As such, Ms. Hackler's 2002 application was constructively re-opened and is thereby subject to this Court's review." (Reply Suggestions, p. 1). Defendant in its surreply suggestions states that the submission of new medical evidence and discussion with employees of the ODAR office does not constitute reopening of plaintiff's claim. The ALJ was the only official who had authority to reopen plaintiff's claim and he stated that the medical evidence did not constitute

9

"new and material evidence to reopen." The Court agrees and finds that the ALJ did not constructively re-open plaintiff's 2002 claim.

## IV. CONCLUSION

Accordingly, for the reasons stated above, the Court hereby **GRANTS** Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. # 5) and **GRANTS** Defendant's Motion for Leave to File a Sur-reply (Doc. # 12).


Date:   05/03/10    					**S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri					Fernando J. Gaitan, Jr.
							Chief United States District Judge